VAN BRUNT, P. J., concurs. DANIELS, J., concurs in the result.

---

### In re BENNETT'S WILL.

*(Supreme Court, General Term, Second Department. July 2, 1889.)*

WILLS—UNDUE INFLUENCE.

   A will executed while testatrix is mentally, though not physically, strong, with no other evidence of undue influence than the fact that with no apparent reason, and contrary to her previously expressed purpose, she gives the bulk of her estate to one of two sons, is valid.

Appeal from surrogate's court, Westchester county.

Jacob W. Bennett, a son of Charlotte Bennett, deceased, presented for probate a paper purporting to be her last will, in which he was named as executor, and was the principal legatee. Probate was contested by Oscar M. Bennett, testatrix's son. It appeared that the will was drawn by Mr. Lent, a lawyer, in the sick-room of Mrs. Bennett, and that she was confined to her bed, with her last illness, at the time. She was so feeble that she could not sign her name, and it was done at her request. She died 12 days later. The surrogate admitted the will to probate, and contestant appeals.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*Francis Larkin*, for appellant. *Lent & Herrick*, for respondent.

DYKMAN, J. This is an appeal from a decree of the surrogate of Westchester county, admitting to probate the last will and testament of Charlotte Bennett, deceased. The deceased woman was about 55 years of age at the time of her death, and had been a widow about 15 years. She was a woman of ordinary intelligence, and retained possession of her faculties down to a few days before her death. She died of a disease which affected her heart, liver, and kidneys, and there was no decay of her mental faculties until a short time before she died. The circumstances under which the will was made are entirely free from suspicion, and substantially preclude the possi-

bility of external influence from any quarter. The lawyer who drew the will was alone with the testatrix when he received her instructions to draw the same, and her directions respecting the disposition of her property, and he thereupon prepared the will in the same room, and then read it to her, and called his law partner into the room, and the will was executed, and they two became the subscribing witnesses thereto, and during all that time there was no person in the room with the testatrix but the two lawyers. There is therefore no proof even of solicitation or importunity, and no circumstance to indicate any influence upon the testatrix to induce her to make any particular disposition of her property. There is some indication in the testimony of a declaration by the testatrix of an intention to divide her property equally between her two sons, but without other proof that is insufficient to destroy a will. After proof of such a purpose, an unequal distribution of property, without other circumstances of suspicion to induce the same, may be attributed to a revolution of testamentary design. It may be unfortunate that the testatrix, who had but two sons, who must have been entirely equal to her and in her affections, and who were situated similarly in life, made such a disposition of her small estate as to create dissatisfaction, and perhaps enmity, between them; but courts are impotent to correct wills, create equality, or make things even in the distribution of estates. All persons in the possession of testamentary capacity, and free from restraint and undue influence, are at liberty to make any disposition of their property by deed or will, and no other rule would be consistent with absolute ownership. Inequality and injustice often result from testamentary dispositions of property, but the courts can administer no remedy therefor. As, therefore, we have before us a case where the will has been executed in obedience to all the requirements of the law, by a testatrix free from restraint or undue influence, and in the possession of testamentary capacity, we cannot reject the will. The decree of the surrogate should be affirmed, with costs to be paid by the estate.